**OF THE**
**STATE OF DELAWARE**

DAVID HUME, IV
MAGISTRATE IN CHANCERY

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

Report:  March 20, 2026
Date Submitted: March 12, 2026

Diane J. Bartels, Esquire
Brandywine Village
1807 N. Market St.
Wilmington, DE 19802

Rejeanne M. Bernier
6792 Maury Drive
San Diego, CA 92119

James J. Black, Esquire
Black & Gerngross PC
1617 John F. Kennedy Blvd., St. 1575
Philadelphia, PA 19103

> RE:   In the Matter of the Liquidation of United Contractors Insurance
>        Company, Inc., a Risk Retention Group
>        C.A. No. 8802-DH

Dear Ms. Bernier and Counsel:

This is a Report regarding Claimant Rejeanne Bernier's Claim No. 964.02 after an Objection Hearing held on March 12, 2026.  For the reasons below, I agree with the Receiver's assessment that Claim 964.02 should be valued at $0.[1]  Bernier's Objection to the Claim is denied.

---

[1] The parties submitted exhibit lists that I will refer to as Receiver's Exhibits (RX _) and Claimant's Exhibits (CX_).  References to the Draft Transcript shall be designated as Tr. _.

## I.     BACKGROUND

### A.     Rain damages Bernier's home after a construction mishap and litigation ensues

The facts are well-known to the parties. The circumstances that follow are taken from Bernier's Complaints in California Superior Court against her son, Jessie Croteau (Croteau), Croteau's company, ICS Professional Services (ICS), American Contractors Indemnity Company, and later, Travelers Property Casualty Insurance Company (Travelers).[2] United Contractors Insurance Company, Inc. (UCIC) insured ICS.[3]

Bernier claimed that she and Croteau orally agreed to construction work on her home with a maximum cost of $300,000.[4] Croteau agreed to do the construction work personally because if ICS performed the construction, Croteau would have to charge more than $300,000.[5] Bernier also alleged that if a factfinder determined that there was an oral contract between she and ICS, then she would claim breach of contract.[6] Croteau performed construction work on Bernier's residence, but left the

---

[2] RX 2, RX 10.

[3] RX 1.

[4] RX 2 at ¶¶ 8–9.

[5] *Id.* ¶ 9.

[6] *Id.* ¶¶ 14–15.

job without reinstalling the roof.[7]  With the roof open, it rained and the home was damaged.[8]  After an eight-day trial, the California Superior Court found that Bernier had not established a cause of action against Croteau and ICS.[9]  The California Superior Court found that although there was an "arrangement" to remodel Bernier's home, "neither side established what that arrangement was."[10]  Bernier received nothing from her complaint.[11]  A decade of litigation followed across numerous cases and courts between Bernier, Croteau, ICS, UCIC, and Travelers.[12]  The litigation history is prolific.[13]

### B.    PROCEDURAL HISTORY

This Court entered an order appointing the Delaware Insurance Commissioner ("the Receiver") as Receiver of an impaired and insolvent UCIC on August 21, 2013.[14]  The Commissioner's appointment was required by law.  *See* 18 *Del. C.* ch.

---

[7] RX 10 at ¶ ¶20–23.

[8] *Id.*

[9] RX 6 at 3.

[10] *Id.*

[11] RX 7 at 2.

[12] RX 18.

[13] *Id.*

[14] Receivership Order, D.I. 4.

59.  Bernier filed a proof of claim with the Receiver on March 12, 2014.[15]  The Receiver filed its Twelfth Claim Recommendation Report on November 26, 2024.[16]  The Receiver's Claim Recommendation contained two subparts related to Bernier.  In subpart 964.01, the Commissioner recommended full payment of Bernier's claim for $49,560 for property damage related to a sewer/water line installation.[17]  There is no dispute for subpart 964.01.  In subpart 964.02, the Receiver recommended a payment of $0 for the portion of the claim related to Remodeling Litigation and alleged concealment of the UCIC policy of ICS/Croteau.[18]  Bernier filed a timely Objection to that Report on October 2, 2025.[19]  She argued that the "Receiver's concession, that Bernier's sewer damages were never adjudicated, undermines its position that Claim No. 964.02 was adjudicated."[20]  Bernier also bases her objection in subpart 964.02 on the 2007 California lawsuit "tainted by a vexatious litigant prefiling order entered in clear absence of all jurisdiction."[21]  Bernier points to her

---

[15] RX 10.

[16] D.I. 153.

[17] *Id.*, Ex. 4 at 2.

[18] *Id.*, Ex. 4 at 3.

[19] D.I. 177.

[20] *Id.* at 2.

[21] *Id.* at 1.

collateral attacks on the California claim, including a federal lawsuit in Connecticut that she contends requires this Court to hold a decision in abeyance.[22] She also attempts to inject a 2010 settlement between Croteau and UCIC into this legal morass by suggesting that it was a fraud on the California court.[23]

## II.    ANALYSIS

When the Insurance Commissioner is appointed Receiver, the Court of Chancery reviews the Insurance Commissioner's claim recommendations under an abuse of discretion standard. *Matter of Scottish RE (U.S.), Inc.*, 2025 WL 3438318, at *20 (Del. Ch. Nov. 28, 2025). The Commissioner has an initial burden to make out a prima facie case. *Id.* at *10. To do so, "the Commissioner must identify a source of authority, articulate a rationale for the requested relief, and create a factual record that supports the proffered rationale." *Id.* If the Commissioner establishes a prima facie case, the burden shifts to the objector to "show that (i) the Commissioner lacked authority to make the decision or that the decision does not otherwise comply with applicable law, (ii) the Commissioner's rationale does not have substantial

---

[22] *Id.* at 2–3.

[23] *Id.* at 2.

evidentiary support, or (iii) the decision is an abuse of discretion." *Id.* (internal citations omitted).

The Receiver's Notice of Determination of Claim ("the Notice") identified sources of authority including the UCIC insurance policy, documentation from Travelers indicating payment to Bernier, and Judge Nevitt's decision in the 2007 California case.[24] The Notice also gave a detailed analysis of the Receiver's determination.[25] The Receiver included the UCIC insurance policy, Travelers documentation related to insurance payments to Bernier, and Judge Nevitt's decision in its Exhibits.[26] The Receiver's Exhibits provide a factual record supporting the rationale for the $0 claim.

Bernier bears the burden of showing that the Receiver lacked authority to make the decision, that the rationale does not have substantial evidentiary support, or that the decision constitutes an abuse of discretion. *See Scottish RE*, 2025 WL 3438318, at *12.

---

[24] RX 13 at 4–9.

[25] *Id.*

[26] RX 1, 3, and 6, respectively.

Bernier's Proof of Claim to the Receiver alleged that Jessie Croteau and ICS concealed the existence of UCIC Contractors Insurance Company from Bernier.[27] But Bernier does not explain how, even if true, concealment would permit a proper claim against UCIC for her property damage. Bernier admits in her California filings that she agreed to the construction work with Croteau individually, and not UCIC's insured, ICS.

Even if UCIC had sufficient connection with Bernier where liability could be considered, UCIC's contract with ICS contains an exclusion that precludes liability for property damage arising out of breach of contract[28]—Bernier's exact legal theory in the 2007 California case. Bernier has failed to prove that she had a viable claim to UCIC's coverage.

Bernier claims that the Receiver's decision to pay the full claim subpart 964.01 undermines its decision determining that subpart 964.02 is valued at $0. But she does not explain her argument. The Receiver arrived at different valuations for each subpart. Subpart 964.01 related to sewer/water line damage. Subpart 964.02 was for other remodeling and alleged concealment. Bernier has presented no

---

[27] RX 10 at 7.

[28] RX 1 at 19.

evidence that the determination in subpart 964.01 affects the recommendation in subpart 964.02.  Bernier does not meet her burden for this argument.

Bernier is preoccupied with UCIC's lack of attentiveness to the plight of her home.  In the Claim Hearing, she told the Court that UCIC failed to send anyone to inspect her property.[29]  This nonperformance was a focus for Bernier but bears no relevance to the viability of her claim or any failure by the Receiver.  She has failed to prove concealment.  Even if she could prove concealment, she has not proven how UCIC, the insurer for ICS, would be responsible for compensating her for any damages.

Bernier contends that Judge Nevitt's decision in the 2007 California Superior Court case does not preclude her from establishing a claim against UCIC because Judge Nevitt determined that there was an "arrangement" between Bernier and Croteau without finding what the arrangement was.  Bernier argues that she should be able to present evidence of that arrangement now.

Bernier is wrong.  An "arrangement" is not a contract and not one that binds UCIC.  Under California law, contract terms must be certain and definite.  *Colo. Corp. v. Smith*, 263 P.2d 79, 81 (Cal. Ct. App. 1953).  Judge Nevitt determined that

---

[29] Tr. 20:3–15.

neither side established a cause of action.[30]  He also held that neither Bernier nor Croteau proved what their "arrangement" was.  The bar to prove a contract is even higher than for an arrangement, and Bernier failed.  Such scarce details do not create liability for UCIC.

Bernier had a full eight-day trial to prove an arrangement and contract that would implicate UCIC.  She had her day in court and failed to prove her case.  As Judge Nevitt wrote, "The stories told by Ms. Bernier and Mr. Croteau were both false.  Mother and son each seemed to be trying to tell a more convincing set of lies than the other one."[31]  This is underscored by Bernier's own pleadings where she alleged an oral agreement with Croteau but specifically not ICS because Croteau offered her a better price if he did the work personally.[32]  As she alleged, she would seek a breach of contract claim if a factfinder determined ICS was in breach.[33]  Judge Nevitt did not so find.

As the Receiver suggests, the evidence also shows that Travelers compensated Bernier for damages.  A letter dated October 10, 2007, addressed to Croteau, sought

---

[30] RX 6 at 2.

[31] *Id.*

[32] RX 2 at ¶¶ 8–9.

[33] *Id.* at ¶¶ 14–15.

reimbursement of $8,709.83 paid to Bernier for property damage to her home caused by a rainstorm on August 26, 2007.[34]  Bernier has presented no evidence to contradict that Travelers compensated her for damages to her home.

## III.   CONCLUSION

This matter is the latest in a long-running series of frequently frivolous lawsuits and filings disreputably linked to the California rainstorm incident in 2007. Sadly, the inability to let go has led to a fracture of the Bernier/Croteau family unit. The time has come to move on.  For the reasons explained above, I recommend that the Commissioner's Claim Recommendation be accepted, and Bernier's objection be denied.  This is a Final Report under Court of Chancery Rule 144.

Sincerely,

*/s/ David Hume, IV*

David Hume, IV
Magistrate in Chancery

cc:    All counsel of record (by File & ServeXpress)

---

[34] RX 3.